```
 1  CASPER J. RANKIN (CA SBN 249196)
    JOSEPH C. DELMOTTE (CA SBN 259460)
 2  PITE DUNCAN, LLP
    4375 Jutland Drive, Suite 200
 3  P.O. Box 17933
    San Diego, CA 92177-0933
 4  Telephone: (858) 750-7600
    Facsimile: (619) 590-1385
 5
 6  Attorneys for WELLS FARGO BANK, N.A.
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>TOMI JOSEPH FERNANDEZ AND DAISAMMA TOMI FERNANDEZ,<br><br>Debtor(s). | Case No.09-53342<br><br>Chapter 11<br><br>R.S. No. CJR-733<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001)<br><br>DATE:  April 20, 2010<br>TIME:  2:00pm<br>CTRM:  3020<br><br>280 S 1st St. #3035<br>San Jose, CA 95113-3004 |

TO THE RESPONDENTS NAMED ABOVE:

Wells Fargo Bank, N.A. ("Movant"), respectfully represents as follows:

**RELIEF FROM STAY - CAUSE**

**FAILURE TO MAKE PAYMENTS**

1. This court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 United States Code §§ 157 and 11 United States Code § 362.

2. On or about May 1, 2009, Tomi Joseph Fernandez and Daisamma Tomi Fernandez ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On July 28, 2009, said case was converted to one under Chapter 11 of the Bankruptcy Code.

3. On or about September 1, 2006, Tomi Joseph Fernandez and Daisamma Tomi Fernandez ("Debtors"), for valuable consideration, made, executed and delivered to First

- 1 -

California Mortgage Company ("Lender") a Note in the principal sum of $840,000.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments commencing November 1, 2006, and continuing until October 1, 2036, when all outstanding amounts are due and payable. A true and correct copy of the Note is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit A and incorporated herein by reference.

4. On or about September 1, 2006, Debtors made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the certain real property located at 756 Pecan Way, Campbell, California 95008 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on September 12, 2006, in the Official Records of Santa Clara County, State of California. A true and correct copy of the Deed of Trust is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit B and incorporated herein by reference.

5. Subsequently, Lender's beneficial interest in the Note and Deed of Trust was sold, assigned and transferred to Movant. A true and correct copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Note and Deed of Trust to Movant is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit C and incorporated herein by reference.

6. The Debtors are in default of their obligations under the Note for failure to make payments as of October 1, 2008. As of January 29, 2010, the total obligation due and owing under the Note is in the approximate amount of $1,015,151.73, representing the principal balance of $891,891.56, interest in the sum of $97,464.56, late charges in the amount of $498.75, escrow advances in the amount of $23,316.22, and a recoverable balance in the amount of $1,980.64. Moreover, the total arrears under the Note are in the approximate sum of $78,995.61, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to

pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel.

7. A debtor's failure to make payments as they become due in a Chapter 11 case constitutes "cause" for relief from the automatic stay pursuant to 11 United States Code § 362(d)(1). Accordingly, as the Debtors have failed to make payments under the Note, Movant is entitled to relief from the automatic stay pursuant to 11 United States Code § 362(d)(1).

## RELIEF FROM STAY

## LACK OF EQUITY

8. Movant is informed and believes that, based on the Debtors' bankruptcy Schedules, the fair market value of the Real Property is $730,000.00. True and correct copies of Debtors' bankruptcy Schedules A and D are collectively attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit D and incorporated herein by reference.

9. Based on the above, under the best case scenario, Movant is informed and believes that the equity in the Real Property is as follows:

| | |
|---|---|
| Fair Market Value: | $730,000.00 |
| Less: | |
| Movant's Trust Deed | $1,015,151.73 |
| WaMu Bank's 2nd Trust Deed | $239,880.00 |
| Tax Collector's Lien | $15,930.00 |
| Costs of Sale (8%) | $58,400.00 |
| Equity in the Property: | <$599,361.73> |

As a result, there is no equity in the Real Property to be realized by the Debtors or the bankruptcy estate. Further, as the Debtors are unable to service the debt on the Real Property, Movant contends that the Real Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from stay under 11 United States Code § 362(d)(2).

## RELIEF FROM STAY - CAUSE

## ADEQUATE PROTECTION

10. Pursuant to the provisions of 11 United States Code §§ 361 and 362(d), Movant is entitled to adequate protection of its interest in the Real Property.

/././

11. Movant submits the adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

12. Movant is informed and believes that Debtors are presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

13. By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1), based upon the failure of Debtors to provide adequate protection to Movant and to make payments.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay of 11 United States Code § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3. Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

4. Permitting Movant to offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement and to enter into such agreement with Debtors;

5. Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtors to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtors' obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtors in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

6. That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

7. For such other and further relief as the court deems just and proper.

Dated: March 24, 2010                          PITE DUNCAN, LLP

/s/ CASPER J. RANKIN (CA SBN 249196)
Attorneys for WELLS FARGO BANK, N.A.